# United States Court of Appeals
## For the Eighth Circuit

---

No. 21-3528

---

United States of America

*Plaintiff - Appellee*

v.

Nicholas Goins

*Defendant - Appellant*

---

Appeal from United States District Court
for the Western District of Missouri - Springfield

---

Submitted: March 25, 2022
Filed: April 4, 2022
[Unpublished]

---

Before GRUENDER, ERICKSON, and GRASZ, Circuit Judges.

---

PER CURIAM.

Nicholas Goins appeals the sentence the district court[1] imposed after he pleaded guilty to a child pornography offense. He argues that the court erred in imposing a life term of supervised release without adequate explanation.

---

[1]The Honorable M. Douglas Harpool, United States District Judge for the Western District of Missouri.

Upon careful review, we conclude that the district court did not plainly err in imposing a life term of supervised release, *see United States v. Burnette*, 518 F.3d 942, 945-46 (8th Cir. 2008) (standard of review), as Goins has not shown any error in the court's explanation, much less error that is clear or obvious under current law, *see United States v. Carson*, 924 F.3d 467, 470 (8th Cir. 2019) (to qualify for relief under plain error standard, a defendant must show that the district court committed error that: (1) is plain--that is, clear or obvious under current law; (2) affected his substantial rights; and (3) seriously affects fairness, integrity, or public reputation of judicial proceedings). While the district court did not provide a separate explanation for imposing a life term of supervised release or explicitly reference 18 U.S.C. § 3553(a), we conclude that the court's overarching explanation was sufficient to explain both the term of imprisonment and the term of supervised release, *see Carson*, 924 F.3d at 470-71 (agreeing with other circuits that a single consideration of the sentencing factors can embrace both the incarceration sentence and the supervised release term, and that one overarching explanation often will provide an adequate explanation for the duration of supervised release); and that the record shows that the court considered the nature and circumstances of the offense, Goins's personal characteristics, the need to reflect the seriousness of the offenses, the need to protect the public, and the need to avoid unwarranted sentence disparities, *see United States v. Denson*, 967 F.3d 699, 709 (8th Cir. 2020) ("We do not require a district court to provide a mechanical recitation of the § 3553(a) factors. Rather, it simply must be clear from the record that the district court actually considered the § 3553(a) factors in determining the sentence.").

Accordingly, we affirm.

______________________________